# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Lebrun | Civil Action No. 15-01828 |
| versus | Magistrate Judge Carol B. Whitehurst |
| Baker Hughes Inc et al | By Consent of the Parties |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment on the Issue of Plaintiff's Sieracki Seaman Status filed by plaintiff, Jonathan Lebrun, [Rec. Doc. 59], Defendant, Transocean Offshore Deepwater Drilling, Inc ("Transocean") and Baker Hughes Incorporated's ("BHI") Memorandum in Opposition [Rec. Doc. 61], and Plaintiff's Reply [Rec. Doc. 104]. The Court finds that oral argument on this Motion is not necessary. For the reasons that follow, the Motion will be denied.

### *I. BACKGROUND*

Plaintiff, Jonathan Lebrun, worked for Baker Hughes Oilfield Operations, Inc. ("BHOOI") from December 2005 until April 24, 2015. The affidavit of Jeff Ivory, Transocean Offshore Deepwater Drilling, Inc.'s Operations Director, states that Plaintiff was assigned to work as a sample catcher or "mudlogger"[1] aboard Transocean's drillship, the DEEPWATER CHAMPION, from March 13, 2015,

---

[1] Plaintiff's job duties were to collect mud samples from shale shakers and deliver the mud samples to on-site data engineers and geologists for analysis. *R. 44.*

until April 24, 2015. *R. 61-1, Ivory Aff., p. 1*. Ivory attests that, during that entire time, the DEEPWATER CHAMPION was located in the waters above the continental shelf of Guyana, South America, approximately 120 miles northeast of Georgetown, Guyana, and was drilling a hydrocarbon well for ExxonMobil. *Id. at pp. 1-2.* Plaintiff alleges while he was aboard the DEEPWATER CHAMPION he injured his back. *R. 1*. In his Motion, Plaintiff contends "the main source of injury to plaintiff's lower back occurred when plaintiff had to open a sealed door to the enclosed shaker house." *R. 59-1, p. 3.*

Plaintiff filed this action alleging claims under the Jones Act. *R. 1*. On June 14, 2016, this Court found that Plaintiff was not a Jones Act seaman as he did not demonstrate "a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *R. 44*. In his Second Amended Complaint, Plaintiff alleged a claim for unseaworthiness as a Sieracki seaman as well as for negligence and gross negligence under the general maritime law. *R. 56.* Alternatively, Plaintiff alleged his action arises under the Longshore and Harbor Workers Compensation Act ("LHWCA") and the general maritime law. *R. 56.*

## II. CONTENTIONS OF THE PARTIES

Plaintiff filed this Motion urging the Court to find that, at the time he worked

on the DEEPWATER CHAMPION, he was a Sieracki seaman. Plaintiff contends that because he was working aboard the DEEPWATER CHAMPION within the waters of Guyana, South America, the LHWCA does not extend to non-Jones Act American maritime workers like Plaintiff working in foreign waters.

Defendants oppose Plaintiff's motion arguing that any such injury alleged by Plaintiff would be covered under the LHWCA. They assert that the DEEPWATER CHAMPION was *not* in the waters of a foreign sovereign, but rather was at all times in the high seas—over 120 miles off the coast of Guyana.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Stahl v. Novartis Pharms. Corp*., 283 F.3d 254, 263 (5th Cir.2002). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes XX, Inc*., 109 F.3d 1070, 1074 (5th Cir.1997). When the moving party, has met its Rule 56(c) burden, the nonmoving

3

party, cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir.2004).

## IV. ANALYSIS

After the Court dismissed Plaintiff's Jones Act claim, Plaintiff filed an Amended Complaint bringing an unseaworthiness claim under the general maritime law. In the alternative, Plaintiff stated a claim under the LHWCA. Defendants assert that Plaintiff was, at all times, a maritime worker covered by the LHWCA. Plaintiff now contends that he was a *Sieracki* seaman at the time he served on the DEEPWATER CHAMPION. Essentially, Plaintiff challenges the characterization that his claims arise under the LHWCA. He argues he is properly characterized as a so-called "*Sieracki* seaman" such that he may bring an action for unseaworthiness against the vessel owner, Transocean, regardless of the traditional limitations on vessel liability afforded under the LHWCA.

The LHWCA provides a federal recovery scheme to a wide range of maritime workers. *Willis v. McDonough Marine Service*, 2015 WL 3824366, at *3 (E.D.La.,2015) (citing Thomas J. Schoenbaum, *1 Admiralty and Maritime Law* § 7–1

(5th Ed.2014)). The Act was passed primarily to fill a gap created by Supreme Court rulings that application of state workers' compensation schemes to maritime employees is unconstitutional. *Id*. Thus, the statutory framework operates as a traditional workers' compensation scheme under which employers receive immunity from tort liability in exchange for providing no-fault compensation benefits to injured workers.

In *Seas Shipping v. Sieracki*, 328 U.S. 85, 99 (1946), the Supreme Court extended the remedy of unseaworthiness to longshoremen "doing a seaman's work and incurring a seaman's hazards." *See* Schoenbaum, at § 7–10 (citing *Sieracki*). Thereafter, the 1972 Amendments to the LHWCA effectively created two mutually exclusive categories of maritime workers: seamen and longshoremen. These amendments eliminated the unseaworthiness remedy for any employee covered under the LHWCA by enacting 33 U.S.C. § 905(b) which recognizes a limited statutory cause of action on behalf of injured maritime workers against vessel owners for negligence in maritime tort. *Id*. Thus, a threshold inquiry for purposes of § 905(b) is as to the existence of a duty of care owed by vessel owners to workers. *Id.* The Supreme Court has accordingly defined three such narrow duties. *See Scindia Steam Nav. Co., Ltd. v. De Los Santos*, 451 U.S. 156, 167 (1981). These are : (1) the "turnover" duty, (2) the "active control" duty, and (3) the duty to intervene. *Id.;*

*Kirksey v. Tonghai Maritime*, 535 F.3d 388, 391 (5th Cir. 2008).

The Fifth Circuit has held that persons excluded from the LHWCA's coverage but who previously qualified for the *Sieracki* exception, retain their cause of action for unseaworthiness against the vessel owner, absent a clear indication that Congress intended to deprive them of that otherwise available remedy. *See Aparicio v. Swan Lake*, 643 F.2d 1109 (5th Cir.1981) (Linehandlers on a vessel in foreign seas (Panama) who were excluded under LHWCA had *Sieracki* remedy); Schoenbaum, at § 6–27.

To qualify as a *Sieracki* seaman, a plaintiff must show that he meets the standard of a *Sieracki* seaman, i.e., that he is doing a traditional seaman's work and incurring a seaman's hazard. *Bergeron v. Atlantic Pacific Marine*, 899 F.Supp. 1544, 1548 (W.D.La.,1993); *Sieracki*, 328 U.S. at 99. Here, Plaintiff's work as a sampler was not traditional seaman's work such that he incurred a seaman's hazard. Rather than performing traditional navigational chores and/or contributing to the function, mission, or maintenance of the vessel, Plaintiff performed oilfield services that were developed on land and transferred to the sea when oil and gas was discovered beneath the sea floor. *McDermott, Inc. v. Boudreaux*, 679 F.2d 452, 457 (5th Cir. 1982) (citing *Offshore Co. v. Robison*, 266 F.2d 769, 781 (5th Cir. 1959). As asserted by Defendants, Plaintiff was not subject to the classical hazards in performing work

aboard the DEEPWATER CHAMPION as it was stationary and attached to the sea floor during his employment.[2] Finally, Plaintiff was not contracted to perform work by the vessel owner in an attempt to limit its liability. Instead, Plaintiff's employer, BHOOI, was contracted to ExxonMobil, the owner of the oil well, to provide mud logging services. Based on the foregoing, the Court finds that Plaintiff does not meet the standard to be considered a *Sieracki* seaman.

Defendants state that "the plaintiff's alleged injury is covered under the LHWCA" and the parties do not brief otherwise. *R. 61, p. 1*. Defendants contend that Plaintiff's argument in the instant motion is based on his mistaken belief that his injury is not covered by the LHWCA because the DEEPWATER CHAMPION was within the territorial limits of a foreign state while Plaintiff worked on board. Citing the affidavit of Jeff Ivory, Defendants maintain, and the record does not dispute, that the DEEPWATER CHAMPION was located in the waters above the continental shelf of Guyana, approximately one hundred and twenty (120) miles northeast of Georgetown, Guyana. *R. 61-1, Ivory's Aff.* The Court agrees. The Fifth Circuit law is long settled that the LHWCA extends to workers on vessels on the high seas, such as Plaintiff. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1118 n. 17 (5th Cir. 1981) (plaintiff was not covered by the LHWCA for two independent reasons, one of which

---

[2] It is axiomatic, and Plaintiff does not dispute, that the drillship was stationary during the time it was engaged in drilling operations.

was because the situs of his injuries was "outside the territorial reach of the LHWCA"); *Cormier v. Oceanic Contractors, Inc.*, 696 F.2d 1112, 1113 (5th Cir.1983) (following *Aparicio*, holding that a welder "injured when he fell while working aboard a barge moored for loading" in Dubai, United Arab Emirates, was outside of the LHWCA's coverage and noting that "the employee, although a harborworker, was not under the reach of the LHWCA because he worked in a foreign country"); *Perio v. Titan Maritime, LLC*, 2013 WL 5563711, at *8 (S.D.Tex.,2013) (citing *Cormier*).

Based on the Court's determination that Plaintiff does not meet the standard required to be classified as a *Sieracki* seaman as well as the fact that the DEEPWATER CHAMPION was not located in foreign waters during the period Plaintiff worked on board, the Court will deny the Motion for Summary Judgment.

**THUS DONE AND SIGNED** September 18, 2017, at Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**