## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Lebrun                                      Civil Action No. 15-01828

versus                              Magistrate Judge Carol B. Whitehurst

Baker Hughes Inc et al                      By Consent of the Parties


## ORDER

Before the Court is a Motion For New Trial On Issue of *Sieracki* Seaman Status Pursuant To F.R.C.P. 59 filed by Plaintiff, Jonathan Lebrun, [Rec. Doc. 112] and Defendant's, Transocean Offshore Deepwater Drilling, Inc.'s, Memorandum in Opposition [Rec. Doc. 114]. The record provides that Plaintiff filed a Motion for Summary Judgment moving the Court to find that he was a *Sieracki* Seaman while employed as a mud sampler on the drill ship DEEPWATER CHAMPION. *R. 59*. The Court denied Plaintiff's motion for summary judgment on August 18, 2017, holding that (1) Plaintiff did not meet the standard required to be classified as a *Sieracki* Seaman; and (2) the DEEPWATER CHAMPION was not located in foreign waters during the period Plaintiff worked on board.

In his Motion, Plaintiff argues application of Rule 59(e) of the Federal Rules of Civil Procedure. The Fifth Circuit has held that a motion which challenges a prior judgment on its merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b), depending on

when the motion was filed. If the motion was filed within twenty-eight days of the entry of judgment, it will be considered under Rule 59(e); if filed after that time period, it will be treated as a motion under Rule 60(b). *See Teal v. Eagle Fleet, Inc.*, 933 F,2d 341, 347 (5th Cir. 1991), citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167,173 (5th Cir. 1990) (overruled on other grounds). As Plaintiff filed his motion for reconsideration within 28 days of entry of judgment, the motion is properly considered under Rule 59(e).

Under established Fifth Circuit jurisprudence,

> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc*., 367 F.3d 473, 478-79 (5th Cir. 2004) (emphasis supplied). In *Lavespere*, the court recognized while a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless. 910 F.2d at 174. The Fifth Circuit has identified two important judicial imperatives relating to such a motion; 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts, noting "[t]he task for the district court is to strike the proper balance

between these competing interests." *Id*. The Fifth Circuit has further held "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *See Templet* at 478.

Here, Plaintiff has presented no newly discovered evidence, has not shown that the Court committed clear error in its ruling, and has not argued an intervening change in the controlling law. Rather, review of the record shows Plaintiff's arguments in support of his motion to amend the judgment are essentially identical to the arguments raised in his motion for summary judgment. The Court considered all arguments presented by Plaintiff in support of his motion for summary judgment prior to concluding Plaintiff's *Sierachi* Seaman status claim should be denied.

Accordingly, as no new arguments have been presented which alter the reasoning or the conclusion reached by the Court on Plaintiff's motion for summary judgment, *R. 59,* Plaintiff's Motion For New Trial must be denied.

**THUS DONE AND SIGNED** this 16th day of October, 2017.



_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**